**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLO ENDOZO CARINGAL, | No. 09-70041 |
| Petitioner, | |
| | Agency No. A047-421-079 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 2, 2010[**]
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and DUFFY, Senior District Judge.[***]

Petitioner Carlo Endozo Caringal ("Petitioner"), a native and citizen of the

Philippines, seeks review of the Board of Immigration Appeals' ("BIA") order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

finding Petitioner to be removable and statutorily ineligible for cancellation of removal.

Petitioner is removable for his convictions for two crimes involving moral turpitude which two crimes did not arise out of a single scheme of criminal misconduct. *See* 8 U.S.C. § 1227(a)(2)(A)(ii). These two unrelated crimes resulted in separate convictions for petty theft and burglary. Petitioner fails to seek review of the BIA's findings that his petty theft and burglary offenses are crimes involving moral turpitude.

We have held that "arguments not raised by a party in its opening brief are deemed waived." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Hence, Petitioner waives these issues. He is thus removable for having committed two crimes involving moral turpitude that did not arise out of a single scheme of criminal misconduct.

Petitioner is further not statutorily eligible for cancellation of removal because he had not accrued the necessary seven years of continuous residence to qualify for relief under 8 U.S.C. § 1229b(a). Petitioner's crimes terminated his continuous residence before he accrued seven years of continuous residence. *See* 8 U.S.C. § 1229b(d)(1) ("[A]ny period of continuous residence . . . in the United

2

States shall be deemed to end . . . when the alien has committed an offense referred to in [8 U.S.C. § 1182(a)(2)].").

Finally, Petitioner is not entitled to a waiver of inadmissibility under 8 U.S.C. § 1182(h) because he was found to be removable, not inadmissible, due to his two convictions for crimes involving moral turpitude. § 1182(h) does not provide a waiver of removability.

We need not reach the issue of whether Petitioner's drug conviction also renders him removable.

**PETITION FOR REVIEW DENIED.**